IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHALONDA GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-371-WKW |
| ) | |
| MOBIS ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Counsel for Plaintiff Shalonda Gordon ("Gordon") has withdrawn in this case (Doc. # 21). On February 21, 2008, the court entered an order (Doc. # 19) that Gordon inform the court before March 14, 2008, whether she intended to represent herself, hire new counsel, or dismiss the case, and warned her that failure to respond may result in dismissal of the case. The requisite time has passed, and Gordon has not complied with the order of the court. Consequently the court concludes the case is due to be dismissed.

"The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102. Dismissal of a case is "warranted only upon a clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice." *Id.* (internal citation and quotation marks omitted). A return receipt card (Doc. # 22) establishes that the order, requiring Gordon to inform the court about whether she was going to obtain counsel, was delivered to Gordon. The order specified that failure to comply could result in dismissal of the case. Because Gordon failed to respond to the order, the court

finds there is a "clear record of delay or willful contempt."

The court has reviewed the case to determine whether a less drastic measure than dismissal is appropriate and has concluded that dismissal is appropriate. Given Gordon's failure to comply with the order to inform the court about her case, it is apparent that any additional effort by the court to secure her compliance would be unavailing, rendering dismissal appropriate.

It is ORDERED that this case is DISMISSED without prejudice for failure of the plaintiff to comply with the orders of this court.

An appropriate judgment will be entered.

DONE this 25th day of March, 2008.

                                     /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE